**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **NORMAN MEDLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:06CV160 CDP** |
| | ) | |
| **MARK McCLINDON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Norman Medley, an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.83. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner’s account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month’s income credited to the prisoner’s account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner’s account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant’s account indicates an average monthly deposit of $4.17, and an average monthly balance of $0.43. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.83, which is 20 percent of applicant’s average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if “it lacks an arguable basis in either law or in fact.” Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which

relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**[1]

Plaintiff brings this suit under 42 U.S.C. § 1983 for an alleged violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Named as defendants are Mark McClindon (Highway Patrolman), Unknown Scoggins (same), Marcus Hopkins (Deputy), Randal Midkiff (same), Johnny Higgins (SEMO Task Force), and Unknown Decker (same).

---

[1]Plaintiff's original complaint was filed on October 30, 2006. Plaintiff filed an amended complaint on December 1, 2006. After reviewing both complaints, it appears that plaintiff intended for the amended complaint to be added to the original complaint, not to replace it. Normally, filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). However, because plaintiff is pro se, the Court will consider the allegations in both documents for the purposes of review under 28 U.S.C. § 1915(e)(2)(B).

Liberally construed, the complaint alleges the following facts:[2]

On December 8, 2005, defendants were investigating a burglary, in which it was suspected that plaintiff had received stolen property, and they went to plaintiff's mother's home with the intention of arresting him. When defendants arrived outside of his mother's house, they announced their presence. After announcing their presence, defendants waited approximately three seconds and then kicked the front door, causing damage to its lower half. After the door was kicked, plaintiff removed a chair that was holding the door shut. Defendants immediately rushed into the house, shouting at him to put his hands on top of his head and to get on the floor. Defendants then searched both plaintiff's person and the house. Defendants found three tablets of diazepam in a prescription bottle for a person named Larry Galloway in plaintiff's pockets, and they found marijuana and six rounds of Winchester .270 ammunition on the property.

After the search, defendants asked plaintiff to sign a form that he was not permitted to read. Plaintiff signed the form as asked. The form was a consent to search form. Plaintiff was then arrested and taken into custody.

[2]The following recitation of the complaint does not constitute the factual findings of the Court.

Defendants did not have a warrant to search his mother's property, nor did they have a warrant to search his home. Plaintiff was indicted by a federal grand jury on December 13, 2005, for being a felon in possession of ammunition. United States v. Medley, 1:05CR181 HEA.

Plaintiff seeks monetary relief, and he seeks an order from this Court "expunging" the federal indictment against him in Medley, 1:05CR181 HEA.

**Discussion**

The Court finds that plaintiff's claim against defendants for violating of his Fourth Amendment right to be free from unreasonable searches and seizures pursuant to 42 U.S.C. § 1983 survives initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. See Moore v. Simms, 200 F.3d 1170, 1171-72 (8th Cir. (8th Cir. 2000) (sec. 1983 unlawful search and seizure claims not barred by Heck v. Humphrey, 512 U.S. 477 (1994), and survived review under 28 U.S.C. § 1915(e)(2)(B)). As a result, the Court will order the Clerk to issue process or cause process to issue on the complaint, and the Court will order defendants to respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The Court notes, however, that a civil action under § 1983 is not a proper vehicle to attack the indictment—or, if plaintiff is ultimately convicted, the judgment—in his criminal

case. As a result, to the extent that plaintiff's complaint seeks to "expunge" the indictment in Medley, 1:05CR181 HEA, it shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case may be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 26th day of December, 2006.

Catherine D Perry
**UNITED STATES DISTRICT JUDGE**