UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NORMAN MEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV160 CDP |
| | ) | |
| MARK MCCLINDON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's letter to the Court regarding the case management order. In this letter, plaintiff asks me to order his attorney in his pending criminal case (1:05CR181 HEA) to provide him with documents for use in this civil case. I cannot order plaintiff's criminal attorney to represent him in this civil matter, but I will order the Clerk of the Court to provide to plaintiff free of charge a copy of the following requested documents from 1:05CR181 HEA for use in this case:

1. Docket Entry # 56 - Transcript of Suppression Hearing

2. Docket Entry # 28 - Government's Response to Motion to Suppress

3. Docket Entry # 73 - Government's Memorandum in Support of Opposition to Motion to Suppress

Plaintiff also wants copies of photographs, but I am denying this request because he does not need them to comply with his disclosure obligations under the case management order.

Finally, plaintiff asks me to appoint an attorney to represent him in this matter. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Having carefully considered the relevant factors, I find that plaintiff is capable of representing himself in this action. Moreover, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. For these reasons, I will deny plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [#4] is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to plaintiff free of charge a copy of the following requested documents from 1:05CR181 HEA: Docket Numbers 56, 28, and 73.

                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2007.