UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NORMAN MEDLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:06CV160 CDP |
| MARK MCCLINDON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Norman Medley is a federal detainee housed in the Cape Girardeau County Jail, awaiting trial on charges of being a felon in possession of a firearm. See United States v. Norman Medley, Cause No. 1:05CR181HEA. In this suit he alleges that the officers who arrested him violated his fourth amendment rights. He has brought similar claims in suppression motions filed in the criminal case. On April 24, 2007 I denied his motion for leave to amend his complaint, because the motion merely listed a number of individuals he wished to add as defendants, without making any allegations against them.

Medley has filed a notice of interlocutory appeal. I will construe the notice liberally as either a motion for leave to certify my April 24, 2007 Memorandum and Order as final for interlocutory appeal under 28 U.S.C. § 1292(b) or a motion to appeal *in forma pauperis* under 28 U.S.C. § 1915(a). Under either characterization, the request must be denied.

Section 1292(b) allows a court to certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). The facts of this case do not even approach meeting that standard.

The April 24, 2007 order denied plaintiff leave to amend his complaint because his proposed amended complaint merely listed names of potential defendants he wanted to join in his § 1983 case without any specific factual allegations against any of these named parties. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal citations and quotation marks omitted). "To establish personal liability of the supervisory defendants, [plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Id. Because leave to amend was properly denied, I am denying plaintiff's motion to certify this issue for interlocutory appeal.

Additionally, plaintiff did not pay the filing fee for a notice of appeal, nor did he file a motion seeking leave to appeal *in forma pauperis*. Even if I liberally

construe the document as such a motion, I must deny it, because any appeal is frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to certify my April 24, 2007 Memorandum and Order for interlocutory appeal [#28] is denied.

**IT IS FURTHER ORDERED** that an appeal of that Order, or any appeal from this order, is not taken in good faith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2007.