UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NORMAN MEDLEY, ) ) Plaintiff, ) ) vs. ) ) MARK MCCLINDON, et al., ) ) Defendants. ) | Case No. 1:06CV160 CDP |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to continue the trial of this case, currently set for May 14, 2008. For good cause shown,

**IT IS HEREBY ORDERED** that plaintiff's motion for continuance is granted, and **the jury trial of this matter, currently set for May 14, 2008, is continued to August 12, 2008 at 8:30 a.m. This is a special setting, and this case will be reached first on the trial docket.**

**IT IS FURTHER ORDERED** that in this case, unless otherwise ordered by the Court, the attorneys and/or parties shall, not later than **July 22, 2008:**

1. **Stipulation:**

File with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence.

A brief summary of the case, not to exceed one page in length, which may be used by the Court in Voir Dire.

2. **Witnesses:**

(a) Deliver to opposing party, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Pro se litigants proceeding in forma pauperis must file a written request for the issuance of any trial subpoenas, setting forth the name and address of each witness for whom a subpoena is sought, along with a brief summary of the substance of the witness' anticipated testimony. In its discretion, the Court may impose this requirement on pro se litigants not proceeding in forma pauperis.

(c) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Applications for Writs of Habeas Corpus Ad Testificandum:**

(a) File, or where appropriate, present in open court upon notice to opposing party, all applications for writs of habeas corpus ad testificandum for non-party witnesses. All litigants must include the <u>witness name</u>, <u>inmate number</u>, and <u>address of the witness</u>.

(b) All pro se litigants must include in any application for writ of habeas corpus a brief summary of the substance of the witness' anticipated testimony. In its discretion, the Court may impose this requirement on any other litigant.

4. **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing party and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing party for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing party in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

5. **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing party and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing party shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing party proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**6.** **Instructions:** Submit to the Court and to opposing party their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

**7.** **Trial Brief:** Submit to the Court and opposing party a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**8.** **Motions In Limine:** File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2008.